E-FILED
Wednesday, 30 March, 2016  01:38:47 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| THE TRAVELERS INDEMNITY a/s/o CITIZENS EQUITY FIRST CREDIT UNION, <br>        Plaintiff, <br><br> v. <br><br> GRIMM ELECTRIC, INC., <br>        Defendant. | Case No. 1:16-cv-01097-JBM-JEH |

**Order**

The Plaintiff's Complaint (Doc. 1) asserts diversity of citizenship as the basis of the Court's subject matter jurisdiction.[1]  The allegations of the Complaint are not sufficiently clear to support that assertion at this time.

The Complaint alleges the following information about the parties. Plaintiff, The Travelers, is incorporated in Connecticut with its principal place of business in Hartford, Connecticut.  Defendant Grimm is an Illinois corporation and maintains its principal place of business within the State of Illinois.  The Complaint also alleges that: this action is one for subrogation; The Travelers has filed this suit to recover only the payments that it made to its insured, Citizens Equity First Credit Union (CEFCU); and this suit does not seek to recover any losses sustained by CEFCU that have not been covered by the policy of insurance issued by the Plaintiff and CEFCU has no financial interest in this litigation.[2]

---

[1] The Complaint also states that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 which provides for federal question jurisdiction.  However, nowhere does the Plaintiff elaborate upon that factual allegation.

[2] These factual allegations are contained within Paragraph 4 of the Complaint.

For purposes of diversity jurisdiction, there is a difference between total subrogation and partial subrogation.  In *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 381-81 (1949), the Supreme Court explained:

> If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

Thus, "[a]lthough total subrogation . . . results in focusing solely on the subrogee's citizenship for diversity purposes, partial subrogation forces a look at both subrogee and subrogor." *Pepsico Do Brasil, Ltda v. Oxy-Dry Corp.*, 534 F. Supp. 2d 846, 848 (N.D. Ill. 2008).

Here, the factual allegations of Paragraph 4 suggest that there has been only partial subrogation in this case which would require the Court to look at CEFCU's citizenship.  The Complaint does not provide CEFCU's citizenship.

Accordingly, the Plaintiff is directed to file an amended complaint that adequately alleges the extent to which it is the subrogee of CEFCU in this case and if only partial, it must set forth CEFCU's citizenship.   The amended complaint shall be filed within fourteen (14) days.

*It is so ordered.*

Entered on March 30, 2016.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE